# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ARTHUR GUTIERREZ § | | |
| Petitioner § | | |
| § | | |
| v. § | A-09-CA-225-LY | |
| § | | |
| CLAUDE MAYE, Warden, FCI Bastrop, § | | |
| Respondent § | | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Arthur Gutierrez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed March 30, 2009 (Clerk's Docket No. 1); Memorandum in Support of Petition, filed March 30, 2009 (Clerk's Docket No. 2); Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus for Failure to State a Claim and Alternatively, for Denial on the Merits filed June 16, 2009 (Clerk's Doc. No. 10); Petitioner's Response in Opposition to Respondent's Rule 12(b)(6) Motion to Dismiss (Clerk's Doc. No. 13) filed July 13, 2009; Respondent's Reply to Petitioner's Response (Clerk's Doc. No. 14) filed July 22, 2009; Petitioner's Response (Clerk's Doc. No. 15) filed August 3, 2009; Respondent's Reply (Clerk's Doc. No. 16) filed August 13, 2009; and Petitioner's Response (Clerk's Doc. No. 17) filed August 27, 2009.

The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

# I. BACKGROUND

The Petitioner, Arthur Gutierrez, Jr. (hereinafter "Petitioner") is currently confined at the Satellite Prison Camp at the Federal Correctional Institution (FCI), Bastrop, Texas, where he is serving a one hundred and eighty (180) month sentence of imprisonment, for Attempting to Aid and Abet the Distribution and Possession with the Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 846 and 841 (a)(1) and (b)(1) and 18 U.S.C. § 2. Petitioner filed the instant action pursuant to 28 U.S.C. § 2241 on March 30, 2009, seeking a finding that the Bureau of Prisons (BOP) staff unlawfully disciplined him for the failure to follow safety or sanitary regulations, and an order directing expungement of the disciplinary action. *See* Petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus at 21. He also asserts that he was denied Due Process through the administrative process. *Id.* Petitioner exhausted his administrative remedies. *See* Martin Sweaney Declaration (Sweaney Declaration) Attachments A - F. Respondent argues that Petitioner's Petition should be dismissed for failure to state a claim under FED R. CIV. P. 12 (b)(6), and even if considered, the Petition should be denied on the merits.

# II. DISCUSSION

A.  **Factual Basis for Petition**

On July 8, 2008, staff at FCI, Bastrop confiscated a box of educational books stored either on or under the Petitioner's assigned bunk, on the ground that the box of books was nuisance contraband within the meaning of 28 C.F.R. §§ 553.12 (b)(2) and 553.11(b). *See* Sweaney Declaration Attachment G at 1. On July 11, 2008, Anna Armijo, Petitioner's case manager, issued an incident report for Prohibited Act Code 317, failure to follow safety or sanitary regulations. *Id.* The incident report was delivered to Petitioner on July 11, 2008. *Id.* On July 14, 2008, the Unit Disciplinary Committee (UDC) heard the matter and penalized him with 90 days loss of telephone

privileges, from July 17, 2008 through October 12, 2008. *Id.* at 1-2 and Attachment H. Petitioner did not lose any good time credit.

Petitioner maintains that he had effectively received permission to store the books as he was, and that the manner in which the books were stored did not violate any safety or sanitation regulations because educational books are not nuisance property. *See* Petition at 3. He argues that the BOP did not follow its own procedures and failed to notify him properly that his books were confiscated; specifically, he asserts that he was not served with an Incident Report within 24 hours of staff becoming aware of the alleged offense as is required by BOP regulations. *Id.* Petitioner also argues that the Mr. Ma'at of his Unit Disciplinary Committee threatened to change his status and place him in the low security FCI Bastrop facility despite his even lower-security status, which was "calculated to intimidate petitioner into foregoing his constitutional and statutory rights," including his right to Due Process. *Id.* at 5. Petitioner maintains that he appealed these decisions as required by the BOP administrative process and that the unfavorable determinations were not supported by sufficient evidence. He also alleges a separate claim pursuant to the Administrative Procedure Act, *see* Petitioner's Response at 1 (Clerk's Doc. No. 13), and a claim pursuant to the Privacy Act, *see* Petitioner's Response at 2-3 (Clerk's Doc. No. 15). His requested relief is that the incident be expunged from his record.

**B.     Habeas Relief Not Available**

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). However, "habeas is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). The United States Court of Appeals for the Fifth Circuit in *Pierre* went on to say that the "sole function" for a habeas

3

action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Id.* at 935-36.

A petitioner's challenge to prison disciplinary proceedings may fall within § 2241's ambit. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992); *see Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) ("[A]ppellant's petition to expunge the Bureau's disciplinary sanctions from his record, including the loss of good time credits, as a challenge to the execution of his sentence rather than the underlying conviction, is properly brought via an application for a writ under § 2241.") Relief is not available, however, unless the petitioner shows prison authorities deprived him of some right secured by the Constitution or laws of the United States. *See Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness."); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). Further, a recognized liberty or property interest must be at stake before a due process claim is cognizable. *Board of Regents v. Roth*, 408 U.S. 564, 569-70 (1972). Accordingly, a petitioner is not entitled to due process protections in prison disciplinary hearings unless he is subjected to sanctions which "impose[ ] atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995).

Petitioner's loss of telephone privileges for 90 days does not implicate due process concerns. Protected interests "are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Being placed in disciplinary confinement, losing commissary and property privileges, and remaining at the same time-earning class are not sanctions which impose an "atypical

4

and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 474 (holding that no liberty interest was implicated by placement in administrative segregation); *Madison*, 104 F.3d at 768 (concluding that imposing thirty days of commissary and cell restrictions as punishment constitutes mere changes in the conditions of a prisoners confinement and do not implicate due process concerns).

The Court finds that Petitioner's claim that he was improperly disciplined with the loss of 90 days of telephone privileges does not implicate a liberty interest and he cannot make out a habeas corpus claim on this basis.

### C. *Wolff* Due Process Not Implicated

Petitioner also complains that he did not receive an incident report within 24 hours of staff being aware that the books belonged to him. He alleges that this violates 28 C.F.R. § 541.15(a) which requires that "staff shall give each inmate charged with violating a Bureau rule a written copy of the charge(s) against the inmate, ordinarily with 24 hours of the time the staff became aware of the inmate's involvement in the incident."

"The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). However, prisoners do not lose all constitutional rights when they are incarcerated. *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). In *Wolff*, the Supreme Court held that prisoners do have the right to certain minimum due process protections in *good time revocation proceedings*. 418 U.S. at 558 (emphasis added). The due process that an inmate must receive in a disciplinary hearing is: (1) written notice of the charges against him at least twenty-four hours before the hearing, (2) a written statement of the factfinders as to the evidence relied on and the reasons for the disciplinary action taken, and (3) the opportunity to call witnesses and present documentary evidence in his defense,

5

unless these procedures would create a security risk in the particular case. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Walker v. Navarro County Jail*, 4 F.3d 410, 412 (5th Cir. 1993).

As stated above, Petitioner did not lost good time credit and has failed to establish a Constitutional violation, so the *Wolff* due process standards do not come into play. Further, it appears that Petitioner seems to be confusing the twenty-four hour written notice requirement of *Wolff* with the BOP's own regulation requiring staff to notify inmates of incidents within twenty-four hours. To the extent he is contending the BOP failed to comply with its regulation, it is well-established in the Fifth Circuit that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (citations omitted).

Even though inapplicable, Petitioner cannot argue that the *Wolff* requirements state above were not met. Petitioner acknowledges that he received notice of his hearing on July 11, 2008, and that his hearing occurred on July 14, 2008. *See* Attachment A at 2 to Respondent's Motion. He acknowledges that he testified, *id.*, and that he received a written statement of the factfinders as to the evidence relied on and the reasons for the disciplinary action taken, *see* Attachments B and C to Respondent's Motion. Any argument that the BOP did not meet a twenty-four hour requirement is without merit.

Lastly, in reviewing prison administrative actions even where a liberty interest is implicated, the Court must uphold administrative decisions unless they are arbitrary and capricious. *Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984). Federal Courts will not review a disciplinary hearing officer's factual findings de novo; instead the courts will only consider whether the decision is

6

supported by "some facts" or by "a modicum of evidence." *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454-55 (1985); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986), cert. denied, 476 U.S. 1117 (1986). "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). In this case, there was some evidence to support the factual findings of the disciplinary hearing officer. The hearing officer found the Incident Report more credible than Petitioner's argument that the regulations were being improperly applied to him. *See* Respondent's Motion to Dismiss Attachment G at 1-2. The hearing officer's determination appears to be a reasonable conclusion of the evidence presented. The Court finds that hearing was not arbitrary and capricious and this credibility determination will not be disturbed. Accordingly, Petitioner's claims should be denied on this additional basis.

### C. Administrative Procedure Act

Petitioner asserts that he is entitled to judicial review of his claims pursuant to the Administrative Procedure Act, 5 U.S.C. § 706, because he is "presently subject to the UDC's incorrect findings that he cannot store his 'school books' outside of his locker." *See* Petitioner's Response at 2. Petitioner is effectively challenging the BOP's current application of 28 CFR § 553.11(g) to him.[1]

---

[1] 28 CFR §553.11 "Limitations on inmate personal property" reads as follows:

(a) Numerical limitations. Authorized personal property may be subject to numerical limitations. The institution's Admission and Orientation program shall include notification to the inmate of any numerical limitations in effect at the institution and a current list of any numerical limitations shall be posted on inmate unit bulletin boards.

(b) Storage space. Staff shall set aside space within each housing area for use by an inmate. The designated area shall include a locker or other securable area in which the inmate is to store authorized personal property. The inmate shall be allowed to purchase an approved locking device for personal property storage in regular living units. Staff may not allow an

As stated above, "the "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre,* 525 F.2d 933, 935-36. The Court finds that any claims that Petitioner might be attempting to assert pursuant to the Administrative Procedure Act do not relate to the execution or calculation of Petitioner's sentence. Thus these claims are not cognizable in the context of this habeas corpus cause of action.

**D.     Privacy Act Claims**

Petitioner also attempts to assert a late-added claim pursuant to the Privacy Act, 5 U.S.C. § 552a(e)(5), alleging that his current disciplinary record is inaccurate. *See* Petitioner's Response at 2. Such claims also do not relate to the duration of Petitioner's sentence and are not cognizable pursuant to 28 U.S.C. § 2241. *See McIlwain v. Nalley*, 2008 WL 355623 (N.D.N.Y. Feb. 7, 2008) (unpublished) (citing *Bryan v. Quinlan*, 528 F.Supp. 930, 932-33 (S.D.N.Y.1981)) (additional citation omitted).

Whereas a petition for habeas corpus challenging present physical custody must be brought against the immediate custodian, an action under the Privacy Act must be brought against [each agency] that has allegedly violated the statute." *Pagani-Gallego v. Sabol*, 2008 WL 886032 (D.Mass. March 27, 2008) (unpublished) (citations omitted). Likewise, "while a litigant seeking relief under the Privacy Act seeks amendment of a record and/or damages, the 'core' of habeas corpus is speedier release." *Id.* (citing *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). Here, Petitioner does not seek a

---

inmate to accumulate materials to the point where the materials become a fire, sanitation, security, or housekeeping hazard.

\*\*\*

(d) Legal materials. Staff may allow an inmate to possess legal materials in accordance with the provisions on inmate legal activities (*see* § 543.11 of this chapter).

\*\*\*

(g) Education Program Materials. Education program materials or current correspondence courses may be retained even if not stored as provided in paragraph (b) of this section.

8

"speedier release". Nor has he filed suit against any of the Board of Prisons which he alleges is maintaining inaccurate records. Accordingly, Petitioner's additional requests are without merit in this habeas corpus action.

Lastly, and perhaps most importantly, on August 9, 2002, the Department of Justice published a regulation exempting the BOP's Inmate Central Records System and other BOP records from the accuracy provision of the Privacy Act. *See* 28 C.F.R. § 16.97. A prisoner is not entitled to injunctive relief to correct the allegedly inaccurate records. *See* 5 U.S.C. § 552a(j)(2); 28 C.F.R. § 16.97(a); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 309 (D.C. Cir. 1992); *Doyon v. Dep't of Justice*, 304 F.Supp.2d 32, 34 (D.D. C. 2004).

### III. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus for Failure to State a Claim and Alternatively, for Denial on the Merits filed June 16, 2009 (Clerk's Doc. No. 10). The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Arthur Gutierrez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed March 30, 2009 (Clerk's Docket No. 1).

### V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall

bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of October, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE